NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DUNCAN J. McNEIL, III,

        Plaintiff,

   -against-

UNITED STATES, and its officers and agencies, including the following agencies within this District: CLERK, U.S. DISTRICT COURT, ED-NY; CLERK, U.S. BANKRUPTCY COURT, ED-NY; U.S. ATTORNEY, ED-NY; U.S. TRUSTEE, ED-NY; U.S. MARSHAL SERVICE, ED-NY; FBI, ED-NY; IRS, ED-NY; SECRET SERVICE, ED-NY; SOCIAL SECURITY ADMIN, ED-NY; and fictitiously named non-govt. judgment debtors, as DOE 1 to DOE 500, residing in this District,

        Defendants.
-----------------------------------------------------------X

**ORDER**
05-CV-4767 (ARR)

ROSS, United States District Judge:

    Duncan J. McNeil, III, currently incarcerated in Spokane, Washington, filed the instant *pro se* action on September 29, 2005. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint for the reasons set forth below.

    On June 20, 2005, plaintiff filed a similar complaint in this Court, challenging the conditions of his confinement in Washington and seeking enforcement of foreign and domestic court orders. See McNeil v. United States, et al., No. 05-CV-3320 (SJF). By order dated July 26, 2005, this Court transferred that action to the United States District Court for the Eastern District of Washington, finding it to be the more appropriate venue. Id., slip op. at 2 (E.D.N.Y. July 26, 2005).

    The Eastern District of Washington assigned the transferred action a docket number, and

by order dated September 19, 2005, the court dismissed the action with prejudice. McNeil v. United States, et al., No. CV-05-281-AAM, slip op. at 2 (E.D. Wash. Sept. 19, 2005). The court noted that the action was "one of many actions the plaintiff has filed in various districts nationwide in an attempt to circumvent pre-filing review orders entered [in the Eastern District of Washington] and now an order which prohibits plaintiff from filing anything in the Eastern District of Washington unless accompanied by the appropriate filing fee." Id., slip op. at 1. The court further noted that the complaint appeared to be identical to two other complaints filed in the District of Hawaii and the Western District of Texas that had been recently transferred to the Eastern District of Washington. Id.

In its sharply worded order, the Eastern District of Washington noted that plaintiff's allegations regarding foreign judgments and writs had already been found frivolous by the court and that plaintiff "simply wanted the Eastern District of New York [] to reconsider his frivolous allegations." Id., slip op. at 2. The court denied plaintiff an opportunity to submit an amended complaint to replead his conditions of confinement claim, noting that his "track record of abusing the court system is a lengthy one and clearly established." Id. In dismissing the action with prejudice, the court cautioned plaintiff that he "will not be allowed to file anything further in the captioned matter with the exception of a "Notice of Appeal" to the Ninth Circuit Court of Appeals." Id.

Plaintiff has not taken the warnings of the Eastern District of Washington seriously and once again attempts to circumvent the bar order in that district by filing an action requesting *in forma pauperis* status in this Court, notwithstanding the fact that this district has nothing to do with any of plaintiff's claims.

Title 28, section 1406(a) vests this Court with the authority to "dismiss, or if it be in the

2

interest of justice, transfer [a] case to any district or division in which it could have been brought." This provision vests broad discretion with the court to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. Given the bar order against plaintiff in force in the Eastern District of Washington, there is no sense in transferring this action to the Eastern District of Washington, especially since it attempts to relitigate claims already found frivolous by that court.

Accordingly, the Court declines to transfer this case under 28 U.S.C. § 1406(a) and dismisses the complaint. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Clerk of Court is hereby directed to forward a copy of this order to the Clerk of Court in the Eastern District of Washington to inform that court of plaintiff's continued abuse of the judicial process. The Court further warns plaintiff that if he continues to circumvent the bar order of the Eastern District of Washington by filing actions in this Court which have no relation to this district, then the Court may issue an order barring him from filing any future *in forma pauperis* complaint without leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: October 14, 2005
Brooklyn, New York

3